IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KANWALJIT SINGH HUNDAL,

    Petitioner,               No. 2:11-cv-2345 LKK JFM (HC)

    vs.

J. TIM OCHOA, Warden, et al.,

    Respondents.            FINDINGS & RECOMMENDATIONS

                           /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 28, 2011, respondent filed a motion to dismiss the petition. Petitioner opposes the motion. Upon review of the motion, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        On December 20, 2006, petitioner was convicted of six counts of lewd conduct involving a minor under 14. Motion to Dismiss ("MTD"), Ex. B (Doc. No. 13-1 at 92-93). On January 29, 2007, he was sentenced to six years imprisonment. Petitioner claims that he is scheduled to be released on parole in January 2012 and that, upon release, he will be subject to the modified sex offender registration requirements of Jessica's Law, a 2006 voter-approved

1

initiative requiring registered sex offenders (1) to reside more than 2,000 feet away from schools and from parks where children regularly gather, and (2) to be monitored by a global positioning system ("GPS") device.  See Cal. Penal Code §§ 3003.5(b) (2000-foot radius), 3000.07 (GPS use required during parole), 3004(b) (GPS use required "for life").  Petitioner argues that because his conviction date precedes the effective date of this statute, the court should find that he is not subject to its provisions and that holding otherwise would violate the Ex Post Facto Clause.

Petitioner filed a petition for writ of habeas corpus with the San Joaquin County Superior Court on March 8, 2011.  MTD, Ex. A.  On April 27, 2011, the petition was denied as premature and for failure to exhaust administrative remedies.  Id.  The court held as follows:

> The present petition was filed on March 8, 2011, from Chuckawalla Valley State Prison in Blythe, California, indicating that Petitioner is still in actual custody. Petitioner has not shown that he has been released on parole or that he is currently subject to the conditions of which he complains, but only alleged that he will be subject to these conditions when released.  Petitioner has submitted no evidence that he has been unable to locate housing that would conform with his anticipated parole conditions.  Therefore, the petition is premature and not ripe for review by this court.  (*In re Drake* (1951) 38 Cal.2d 195, 198.)  Furthermore, issues concerning parole must first be resolved through administrative review before the Board of Parole Hearings.  (*In re Muszalski* (1975) 52 CA3d 500.)  Although Petitioner claims that he has tried to exhaust his administrative remedies, he has provided no evidence of his attempts to do so.

Id.

On May 18, 2011, petitioner appealed to the California Court of Appeals, Third Appellate District.  MTD, Ex. B.  That petition was denied as premature on July 7, 2011.  Id.

Lastly, petitioner appealed to the California Supreme Court on July 19, 2011.  See MTD, Ex. D (Doc. No. 13-2 at 5).  That appeal was summarily denied on August 24, 2011.  Id.

Petitioner initiated this action on September 6, 2011.  On November 28, 2011, respondent filed a motion to dismiss.  Petitioner opposes the motion.

DISCUSSION

Assuming that petitioner's claim is cognizable in a habeas petition as opposed to a civil rights action pursuant to 42 U.S.C. § 1983, see Bowman v. Schwarzenegger, 2009 WL

799274 (E.D. Cal. 2009) (raising the same challenge in a civil rights action), the petition is subject to dismissal.

Respondent seeks dismissal of the petition on the ground that the claim is not ripe. The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). The Supreme Court has stated that to meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of specific future harm. Laird v. Tatum, 408 U.S. 1, 14 (1972). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal citations omitted). The court's inquiry focuses on " 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." ' Abbott Laboratories, 387 U.S. at 149.

In this case, the court finds that this matter is not ripe for adjudication because petitioner remains incarcerated. Though scheduled for release in January 2012, California Department of Corrections and Rehabilitation's Inmate Locator website shows that petitioner remains incarcerated. See Inmate Locator State of California, http://inmatelocator.cdcr.ca.gov/, Inmate No. F-59716. Thus, any ruling now would necessarily be based on speculation about the conditions of petitioner's parole. The state court noted as much when it cited to In re Drake, 38 Cal. 2d 195, 198 (Cal. 1951), which held "Habeas corpus does not lie to challenge the validity of an anticipated future action nor to secure declaratory relief in advance thereof." As such, dismissal is warranted on this ground.[1] If, upon petitioner's release from prison, the state

---

[1] Because dismissal is warranted on this ground, the court declines to address respondent's second ground for dismissal (failure to exhaust administrative remedies).

3

actually attaches the residency requirements as a condition of his parole, and that is done in error, then petitioner may have a cognizable claim. However, while petitioner continues to be incarcerated, his claim that the defendants intend to attach such a restriction in error is speculative and petitioner may not raise his claim at this time.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

This court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether this action is not ripe. Accordingly, this court recommends that the district court decline to issue a certificate of appealability.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be granted;

2. A certificate of appealability be denied; and

3. The petition for writ of habeas corpus be denied without prejudice.

These findings and recommendations are submitted to the United States District

1 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
2 days after being served with these findings and recommendations, any party may file written
3 objections with the court and serve a copy on all parties.  Such a document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
5 objections shall be filed and served within fourteen days after service of the objections.  The
6 parties are advised that failure to file objections within the specified time may waive the right to
7 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8 DATED: February 6, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;hund2345.mtd