IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KANWALJIT SINGH HUNDAL,

    Petitioner,               No. 2:11-cv-2345 LKK JFM (HC)

    vs.

J. TIM OCHOA, Warden, et al.,

    Respondents.          ORDER

_____/

        Petitioner, a former state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 14, 2012, the petition was dismissed after the undersigned adopted in full the magistrate judge's February 7, 2012 findings and recommendations recommending that respondent's motion to dismiss the petition be granted. Pending before the court is petitioner's motion for reconsideration.

DISCUSSION

        On December 20, 2006, petitioner was convicted of six counts of lewd conduct involving a minor under 14. Mot. to Dismiss, Ex. B (Doc. No. 13-1 at 92-93). On January 29, 2007, he was sentenced to six years imprisonment.

        In the petition filed on September 6, 2011, petitioner claimed that he was scheduled to be released on parole in January 2012 and that, upon release, he would be subject to

1  the modified sex offender registration requirements of Jessica's Law, a 2006 voter-approved
2  initiative requiring registered sex offenders (1) to reside more than 2,000 feet away from schools
3  and from parks where children regularly gather, and (2) to be monitored by a global positioning
4  system ("GPS") device.  See Cal. Penal Code §§ 3003.5(b) (2000-foot radius), 3000.07 (GPS use
5  required during parole), 3004(b) (GPS use required "for life").  Petitioner argued that because his
6  conviction date precedes the effective date of this statute, the court should find that he is not
7  subject to its provisions and that holding otherwise would violate the Ex Post Facto Clause.

8        In the February 7, 2012 findings and recommendations, the magistrate judge
9  determined that, because petitioner had yet to be released on parole, his claims were not ripe.
10 That is, while petitioner remained incarcerated, his claim that the respondent intended to attach
11 any restrictions on his parole was speculative.

12       In his motion for reconsideration, petitioner contends that he was paroled on
13 August 28, 2012 and that he is now being subjected to the conditions raised in his September 6,
14 2011 petition.

15       On review, IT IS HEREBY ORDERED that petitioner's motion for
16 reconsideration is denied.  Should petitioner seek review of the merits of his claims, he is
17 directed to initiate a separate suit.

18 DATED: January 16, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT